MARK T. YOUNG (Bar No. 89951)
TAYLOR F. WILLIAMS (Bar No. 281331)
DONAHOE & YOUNG LLP
25152 Springfield Court, Suite 345
Valencia, California 91355
Telephone: 661.259.9000 / Facsimile: 661.554.7088
E-mail: myoung@donahoeyoung.com; twilliams@donahoeyoung.com

Chapter 11 Counsel for Debtor/Debtor-in-Possession
POLY PLANT PROJECT

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re: | Case No. 2:14-bk-17109-TD |
| --- | --- |
| **POLY PLANT PROJECT,** | [Chapter 11] |
| Debtor. | **STATUS REPORT** |
| | Date: June 4, 2014 |
| | Time: 10:00 a.m. |
| | Location: 1345 |

Debtor/Debtor-in-Possession POLY PLANT PROJECT ("Debtor" or "PPP") submits this Status Report as directed by the "Order (1) Setting Hearing on Status of Chapter 11 Case and (2) Requiring Status Report" entered April 30, 2014 (Docket No. 9).

## I.    EVENTS LEADING UP TO FILING CHAPTER 11 CASE

The major events and circumstances that led to PPP's Chapter 11 filing date back to 2010. At that time, macroeconomic factors resulting in a crash in the average price of polysilicon due to oversupply caused by Chinese manufacturers caused PPP's gross revenues (and its profits) to plummet. As a result of these changes in the economy and polysilicon industry, PPP's revenues went down by approximately 95% from the revenues that PPP realized during its peak years. In addition, PPP entered into numerous contracts with Asian (primarily Chinese) companies that were breached by the Asian companies, resulting in large claims by PPP which PPP has been unable to collect (see Amended Schedule B (Docket No. 17), item 18).

The immediate precipitating cause of the filing of the petition, at the time that it was filed, was an effort by one major unsecured creditor (Friem S.p.A.) to collect on sums owed.

## II. STATUS OF POST-PETITION OPERATIONS AND MAJOR ASSETS AND LIABILITIES

All post-petition obligations and operating expenses of Debtor (rent, payroll, etc.) are current.

The major creditors of PPP are taxing authorities, primarily the Internal Revenue Service ("IRS"). PPP used an incorrect accounting method during tax years 2008 – 2012, resulting in accrued tax liabilities of $15,320,610.21. The IRS filed a proof of claim for a substantially greater amount ($42,671,251.65) on April 18, 2014 (Claim No. 1); the IRS amended its proof of claim to an amount substantially closer to Debtor's figure ($15,542,077.90) on April 29, 2014 (Amended Claim No. 1). State tax liabilities will follow the income determinations finalized by any agreement between PPP and the IRS (or in a claims objection proceeding in this Court). PPP's liquidation value is significantly less than the sums owed to the IRS and other taxing authorities. The IRS has indicated in discussions that it will allow PPP to remain in business and propose a payment plan. Since unsecured creditors would receive nothing in a liquidation (with the entire liquidation value of PPP being used to pay taxing authorities), PPP believes that the common interest of the IRS (and other taxing authorities) and the unsecured creditors will allow PPP to propose an acceptable reorganization plan.

Another major issue in this case is the collection of the debts owed to PPP. PPP is working out payment programs with the entities who owe money to it – excluding the significant (over $70 million) debts owed to PPP by Asian (primarily Chinese) companies, which have so far been uncooperative.

Another major issue in this case is the securing of additional projects by PPP to generate revenues. PPP is presently in active negotiations as to two major projects. One project in Vietnam would require PPP to serve as a technology provider and consultant on a project of over $400 million. PPP's scope of work would probably be approximately $10 million. A preliminary contract is expected to be executed late this summer for approximately $175,000 of work, with the

balance of the project funds being generated over the next two (2) years. This project would require PPP to ramp up its personnel. A second possible project is as a third party vendor for operational and management training for a new business in Qatar. This project is approximately $1 billion; PPP's scope of work would be between $5 to $7 million. This project is expected to generate a $100,000 initial payment by the end of this summer; the project would span about nine (9) months, and would also require a ramp-up of personnel once the contract is executed.

### III. STATUS OF POST-PETITION LITIGATON

Debtor is not a party to any post-petition litigation. The creditor that precipitated the Chapter 11 filing (Friem S.p.A.) recently sued Debtor's principal in New York on claims related to the debt owed to Friem by PPP; that case was filed on May 14, 2014 and has not yet been served.

### IV. POTENTIAL AVOIDANCE ACTIONS

Debtor has one potential avoidance action. Trade, Media & Business International Corporation ("TMB") received $57,000.00 from Debtor in the 90 days before filing. TMB has agreed to repay these funds as quickly as possible, and has repaid $5,000.00 as of the date of this Status Report. No complaint has yet been filed, pending more consensual payments by TMB. Debtor anticipates that its Chapter 11 plan will be confirmed substantially before expiration of the limitation period provided by 11 U.S.C. §546(a), and that its plan will provide for possible post-confirmation avoidance actions pursuant to 11 U.S.C. §1123(b)(3).

### V. COMPLIANCE WITH DUTIES UNDER 11 U.S.C. §§521, 1106, AND 1107 AND APPLICABLE GUIDELINES OF THE OFFICE OF THE U.S. TRUSTEE

Debtor has complied with its duties under 11 U.S.C. §521: Debtor filed complete schedules on May 14, 2014 (Docket No. 1). Debtor filed an Amended Schedule B on May 9, 2014 (Docket No. 17).

Debtor is in compliance with the duties under 11 U.S.C. §1106 applicable to a debtor-in-possession pursuant to 11 U.S.C. §1107.

Debtor is in compliance with the applicable guidelines of the Office of the U.S. Trustee ("UST"). Notices of Insider Compensation were filed on April 14, 2014 as to Debtor's CEO and,

DONAHOE & YOUNG LLP
25152 SPRINGFIELD COURT, SUITE 345
VALENCIA, CALIFORNIA 91355
TELEPHONE (661) 259-9000

as a precautionary matter, as to three other employees who, although they are not formally corporate officers, have the phrase "vice president" in their job titles. Parts of the "7-Day Package" were emailed to the UST on April 22, 2014, and the balance was emailed to the UST on April 23, 2014; both transmissions were approved in advance for one- and two-day late submissions. The Initial Debtor Interview was conducted on April 29, 2014.

The meeting of creditors under 11 U.S.C. §341(a) was originally scheduled for May 20, 2014 and was continued at PPP's request to June 3, 2014. A "Notice of Continuance of Meeting of Creditors ('§341(a) Meeting')" was filed and served on all creditors on April 24, 2104 (Docket No. 7).

Debtor filed a Monthly Operating Report ("MOR") for the partial month of April 14-30, 2014 on May 9, 2014 (Docket No. 18). Debtor is current on all U.S. Trustee reporting requirements.

## VI. EMPLOYMENT OF PROFESSIONALS

Debtor filed an Application for Order Employing Professional [Donahoe & Young LLP ("D&Y")] on April 16, 2014 (Docket No. 3). The UST filed an objection to the Application on April 29, 2014 (Docket No. 8). Debtor and the U.S. Trustee filed a Stipulation to resolve the UST's Objection to the Application on May 7, 2014 (Docket No. 13). An Order approving the Stipulation to resolve the UST's Objection, and approving the employment of D&Y as counsel for Debtor, was entered on May 8, 2014 (Docket No. 16).

## VII. ESTIMATED DATE FOR DISCLOSURE STATEMENT

Based on the significant variation in the type of reorganization plan that will be formulated depending upon whether both, one, or neither of the contracts described in §II above are secured, formulation of the Chapter 11 plan in this case must await the determination of the funding sources for the plan, and the available cash for payment of creditors in the short term. Since the major contracts are not expected to be finalized until late this summer, a Chapter 11 plan (and accompanying Disclosure Statement) will not be possible until at least November 2014.

## VIII. DEBTOR'S PROPOSED DEADLINE FOR FILING PROOFS OF CLAIM.

Debtor proposes that a bar date for proofs of claim be fixed at July 31, 2014. Debtor will

serve the notice required by LBR 3001-1 at least 45 days before the bar date.

Dated: May 21, 2014                              DONAHOE & YOUNG LLP

*/s/ Mark T. Young*
By:_____
MARK T. YOUNG
Chapter 11 Counsel for
Debtor/Debtor-in-Possession
POLY PLANT PROJECT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

25152  Springfield Court, Suite 345, Valencia, California  91355

A true and correct copy of the foregoing document entitled (*specify*):  STATUS REPORT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/21/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Queenie K Ng    queenie.k.ng@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- John E Walker    john.walker@dentons.com, sam.alberts@dentons.com;scott.koerner@dentons.com
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
- Mark T Young    myoung@donahoeyoung.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/21/2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan
United States Bankruptcy Judge

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/21/2014 | Sherril L. Young | /s/ Sherril L. Young |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**