**POOLE & SHAFFERY, LLP**
David S. Poole (Bar No. 94690)
  dpoole@pooleshaffery.com
Samuel R.W. Price (Bar No. 255611)
  sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390
Facsimile: (213) 439-0183

Attorneys for TETSUNORI T. KUNIMUNE,
Defendant in Removed District Court Case

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**POLY PLANT PROJECT,**<br><br>    Debtor.<br><br>---<br><br>**TETSUNORI ("Terry") T. KUNIMUNE,**<br>**Defendant in Removed District Court Case,**<br><br>    Plaintiff,<br><br>v.<br><br>**FRIEM S.p.A, an Italian corporation,**<br>**Plaintiff in Removed District Court Case,**<br><br>    Defendant. | Case No. 2:14-bk-17109-TD<br>[Chapter 11]<br><br>Adv. No. _____<br><br>United States District Court<br>Southern District of New York<br>Case No. 1:14-cv-03487-JSR<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO BANKRUPTCY COURT (28 U.S.C. § 1452; F.R.Bank.P. Rule 9027; LBR 9027-1)**<br><br>[No Hearing Set] |

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE; ALL PARTIES IN THE ABOVE-REFERENCED UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, CIVIL ACTION HEREBY REMOVED; THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK; AND THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION:**

1

**NOTICE OF REMOVAL OF CIVIL ACTION TO BANKRUPTCY COURT**

PLEASE TAKE NOTICE that TETSUNORI T. KUNIMUNE ("Kunimune"), who is the sole Defendant in a civil action entitled <u>Friem S.p.A., an Italian corporation v. Tetsunori ("Terry") T. Kunimune</u>, presently pending in the United States District Court, Southern District of New York (Foley Square) as Case No. 1:14-cv-03487-JSR ("the District Court Action"), submits this "Notice of Removal of Civil Action to Bankruptcy Court" in accordance with 28 U.S.C. §1452(a), 28 U.S.C. §157(a), F.R.Bank.P. Rule 9027, and Local Bankruptcy Rule 9027-1, and respectfully represents as follows:

## I. Background

1. On May 14, 2014, Friem S.p.A., an Italian corporation ("Friem") filed the District Court Action, naming Kunimune as the sole Defendant. The original (and operative) Complaint in the District Court Action alleges two causes of action described as follows:

    a. First Cause of Action: Breach of Contract/Alter Ego Liability;

    b. Second Cause of Action: Fraud.

Both causes of action alleged in the District Court Action involve an obligation on which Debtor/Debtor-in-Possession POLY PLANT PROJECT ("PPP") is the primary obligor. Kunimune is the Chief Executive Officer of PPP. The acts of Kunimune alleged in the District Court Action relate to Kunimune's capacity as Chief Executive Officer of PPP.

2. PPP filed a voluntary petition under Chapter 11 on April 14, 2014, which is pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division, as Case No. 2:14-bk-17109-TD ("the PPP Chapter 11 Case").

3. Friem was scheduled by PPP as an unsecured creditor (on Schedule F) in the amount of $548,000.

4. Kunimune has not appeared in the District Court Action.

5. No hearings have been conducted in the District Court Action.

## II. Basis for Removal

6. <u>Eligibility</u>: The District Court Action is a civil action other than a proceeding before the United States Tax Court, and is not a civil action by a governmental unit to enforce a police or regulatory power.

7. <u>Jurisdiction</u>: The District Court Action is a civil proceeding relating to the PPP Chapter 11 Case. The Bankruptcy Court presiding over the PPP Chapter 11 Case pursuant to 28 U.S.C. §157(a) has jurisdiction of the claims asserted in the District Court Action under 28 U.S.C. §1334(b).

8. <u>Core Status</u>: The claims asserted in the District Court Action are clearly intertwined with the facts relating to Friem's status as a creditor in the PPP Chapter 11 Case. The first claim asserted in the District Court Action is that Kunimune is the alter ego of PPP. Resolution of that claim could significantly affect the administration of the PPP Chapter 11 estate, and involves facts bearing on the assets of the estate, confirmation of a Chapter 11 Plan, and proceedings affecting the liquidation of assets of the estate and the adjustment of the debtor-creditor relationship. All such proceedings are "core proceedings" in the PPP Chapter 11 Case under 28 U.S.C. §157(b)(2)(A), (B), (L), and (O). Further, to the extent, if any, that any of the claims asserted by Friem in the District Court Action are non-core proceedings, such proceedings are proceedings otherwise related to a case under Title 11 within the means of 28 U.S.C. §157(c)(1). Pursuant to 28 U.S.C. §157(c)(2), Kunimune consents to referral of the removed claims to the Bankruptcy Court. Pursuant to F.R.Bank.P. Rule 9027(a)(1), Kunimune consents to the entry of final orders or judgments by the Bankruptcy Court.

9. <u>Timeliness</u>: This Notice of Removal is filed prior to 30 days after the District Court Action was filed. Therefore, this removal is timely pursuant to F.R.Bank.P. Rule 9027(a)(3).

10. <u>Compliance with Requirement for District Court Pleadings</u>: A copy of all process, papers, minute entries, orders, and other documents filed in the District Court Action prior to removal, and a copy of the docket of the removed action from the United States District Court, Southern District of New York, will be filed as required by F.R.Bank.P. Rule 9027(a)(1) and LBR 9027-1(d)(2).

11. <u>Summary</u>: Each of the two Causes of Action in the District Court Action is related to the PPP Chapter 11 Case. Removal of each such claim and cause of action in the District Court Action to the Bankruptcy Court is authorized by 28 U.S.C. §§157, 1334, and 1452. Removal is in

accordance with F.R.Bank.P. Rule 9027 and LBR 9027-1.

### III. Conclusion and Notices

NOW, THEREFORE, all parties to the District Court Action (i.e., the civil action pending in the United States District Court, Southern District of New York, as Case No. 1:14-cv-03487-JSR), are hereby notified pursuant to F.R.Bank.P. Rule 9027(e) as follows:

**1.  Removal of both Causes of Action alleged in the District Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the United States District Court, Southern District of New York, pursuant to F.R.Bank.P. Rule 9027(c).**

**2.  The District Court Action is removed from the United States District Court, Southern District of New York to the United States Bankruptcy Court, Central District of California, Los Angeles Division, which presides over the PPP Chapter 11 Case.**

**3.  The parties to the District Court Action shall proceed no further in the United States District Court, Southern District of New York, as to the District Court Action, unless and until all or part of the District Court Action is remanded by the Bankruptcy Court.**

Dated: June 3, 2014                             **POOLE & SHAFFERY, LLP**

By: /s/ Samuel R.W. Price
David S. Poole
Samuel R.W. Price
Attorneys for TETSUNORI T. KUNIMUNE
Defendant in Removed District Court Case

FORM B104 (08/07)                                                                                                      2007 USBC, Central District of California

|  | |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| PLAINTIFFS<br>Tetsunori ("Terry") T. Kunimune | DEFENDANTS<br>Friem S.p.A. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Poole & Shaffery, LLP<br>400 South Hope St., Suite 1100, Los Angeles, CA 90071<br>213.439.5390 | **ATTORNEYS** (If Known)<br>Dentons US LLP<br>1221 Avenue of the Americas, New York, NY 10020<br>212.398.5810 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(Removed from SDNY): (1) Breach of Contract / Alter Ego Liability; (2) Fraud

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 600,000.00 |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> Poly Plant Project || **BANKRUPTCY CASE NO.** <br> 2:14-bk-17109-TD |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Donovan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* |||
| **DATE** <br> June 3, 2014 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Samuel R.W. Price of Poole & Shaffery, LLP |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
400 South Hope Street, Suite 1100, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):
Notice of Removal of Civil Action to Bankruptcy Court
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __6/3/2014__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Queenie K Ng    queenie.k.ng@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- John E Walker    john.walker@dentons.com, sam.alberts@dentons.com;scott.koerner@dentons.com
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
- Mark T Young    myoung@donahoeyoung.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __6/3/2014__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
    Hon. Thomas B. Donovan
    United States Bankruptcy Judge

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/3/2014 | Silvia Abrignani | /s/ Silvia Abrignani |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.